DURINGER LAW GROUP, PLC
Stephen C. Duringer   (SBN 134592)
Edward L. Laird       (SBN 102534)
Eric J. Bautista      (SBN 194847)
Robert M. Crissman    (SBN 292299)
J.D. Cuzzolina        (SBN 308818)
181 S. Old Springs Road, 2nd Floor
P.O. Box 28270
Anaheim Hills, CA 92809
Tele: (714) 279-1100
Fax: (714) 279-1109

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SANTA ANA DIVISION**

| | |
|---|---|
| IN RE HELEN NGUYEN,<br><br>DEBTOR | Case No.: 8:15-bk-15557-ES<br><br>CHAPTER 7 |
| VQN PLAZA, LLC,<br><br>Plaintiff<br><br>v.<br><br>HELEN NGUYEN; TRANG DOAN NGUYEN,<br><br>Defendants | Adversary Proceeding No.:_____ |

**COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBTS, TO AVOID A PREFERENCE, TO AVOID FRAUDULENT TRANSFERS, TO OBJECT TO DISCHARGE [11 U.S.C. §§ 105, 707, 727, and 523.]**

Plaintiff and judgment creditor, VQN Plaza, LLC, ("Plaintiff" or "VQN"), hereby complains against debtor Helen Nguyen ("Helen" or "Debtor") and non-debtor transferee Trang Doan Nguyen ("Trang") as follows:

**INTRODUCTION**

1. The Debtor filed this Bankruptcy on November 18, 2015.

2. The Debtor's bankruptcy petition contains statements of fact which are

Complaint to Determine Dischargeability of Debts, to Avoid A Preference, to Avoid Fraudulent Transfer, and to Object to Discharge

- 1 -

inconsistent with the debtor's prior statements made to creditor VQN in post judgment discovery. Plaintiff contends the Debtor drastically undervalues her assets while exaggerating the value of her debts. These inconsistencies must be reconciled with the Debtors' bankruptcy petition. Otherwise, these inaccuracies mandate amendment of the Debtor's schedules, revocation of the Debtor's discharge, dismissal of this bankruptcy without discharge, conversion of this bankruptcy to a chapter 13, or a determination that the Debtor is solvent and ineligible for discharge.

3. By this complaint VQN intends to: 1) investigate the authenticity, amount, and extent of defendant Trang's lien and interest in the Debtor's real property; 2) set aside the conveyance of any interest in the Debtor's property to Defendant and transferee Trang; 3) require the Debtor to disclose previously undisclosed assets 4) require the Debtor to accurately determine the value of her assets; and 5) require the Debtor to make a full and honest account of her debts.

## PARTIES

4. Plaintiff is a limited liability company formed in California and registered to do business in California. Plaintiff is an unsecured judgment creditor of Helen and maintains its principal place of business in the State of California. Its agent for service of process is Vanessa Q. Nguyen, 1777 N. Warbler Pl., Orange, CA 92867.

5. Defendant Helen is an individual who was married to Luan Nguyen ("Luan," with Helen collectively referenced herein as "Nguyens").

6. Defendant Trang Doan Nguyen ("Trang") is an individual who is, on information and belief, Helen's sister. (Helen and Trang collectively referenced herein as "Defendants"). She is believed to reside in Orange County, California.

## JURISDICTION

7. The Court has jurisdiction over this lawsuit because it involves a core matter

pursuant to 28 U.S.C. § 1334 and 28 U.S.C. §§ 157(a), 157(b)(2)(A), 157(b)(2)(F), 157(b)(2)(H), and 157 (b)(2)(J).

8. This adversary proceeding relates to *In re Helen Nguyen*, a Chapter 7 case pending before the United States Bankruptcy Court for the Central District of California, Santa Ana Division, docketed as case number 8:15-bk-15557-ES.

9. Venue for this matter is proper pursuant to 28 U.S.C. § 1409(a).

## FACTS

10. By virtue of a state court judgment entered May 21, 2015 Plaintiff is a creditor of the Debtor (Exhibit A). The amount currently due is $123,267.00.

11. Before VQN's judgment was entered on May 21, 2015, the Debtor and Trang recorded a "deed of trust with assignment of rents," against the Debtor's real property at 411 S. Beechtree Court Anaheim, Ca 92808 to secure payment of $200,000.00 on April 27, 2015 (Exhibit B).

12. Around September 2015, the Debtor provided VQN with a declaration, made under oath, wherein she states that she receive "Public Assistant Benefit," [sic] (Exhibit C).

13. Schedule I of the Debtor's petition fails to list any income or cash assistance from the government (see the debtor's petition Schedule I at paragraph 8 c & d).

14. On November 5, 2015, the Debtor and her Husband, Luan Nguyen, provided VQN with a financial statement executed under oath (Exhibit D).

15. On that statement, the Debtor states she owes Trang "$200,000 (estimate)."

16. On November 18, 2015, Helen filed a Voluntary Chapter 7 Petition.

17. In her Summary of Schedules, Helen lists $354,623.00 as the value of her assets. Helen arrived at this conclusion by claiming she is a joint tenant in the Property at 411 S. Beechtree Court, Anaheim, CA 92808 with her brother-in-law. She claims that although the Property is appraised at $675,000, she holds only a 50% interest that is worth $337,500.00. Combined with her other listed assets, Helen claims her assets total $354,623.00.

Complaint to Determine Dischargeability of Debts, to Avoid A Preference, to Avoid Fraudulent Transfer, and to Object to Discharge

- 3 -

18. On information and belief, it is alleged that similar properties in the neighborhood where the Debtor's property is located are selling for $825,000 to $900,000.

19. On her Schedule D, *Creditors Holding Secured Claims*, Helen lists a secured claim in the amount of $60,457.72 referring to an abstract of judgment recorded against the Property by DLG on behalf of Plaintiff. On her Schedule F, *Creditors Holding Unsecured Nonpriority Claims*, Helen lists an unsecured debt in the amount $61,580.65 pertaining to a judgment owed to DLG. Additionally, she lists a debt of $53,033.00 as a claim for legal fees owed to DLG. Since there is only one judgment and one award of attorney's fees in the underlying state action, it is apparent that Helen has made an inaccurate statement concerning this liability.

20. On her Schedule D, *Creditors Holding Secured Claims,* Helen claims Trang holds a Deed of Trust ("Trust Deed") on the Property securing a debt that is listed at $83,778.00. Helen claims the Trust Deed was signed in 2015 for debts arising from a series of loans that were consummated in the years 2010-2013 in the amount of $200.000.00. In explaining the execution of the Trust Deed years after the putative loans were made, Trang stated that she was afraid of losing her right to payment if she did not record a document memorializing the debt owed by Helen. However, Luan filed a Chapter 7 bankruptcy petition in case 8:11-bk-21355-ES on August 10, 2011, and there is no debt listed on his petition indicating a debt owed to Trang as of that date.

21. On October 13, 2015, Plaintiff served a subpoena on Trang (Exhibit E). Plaintiff requested a copy of the escrow instruction relating to the transfer of $200,000 to Helen that is the subject of the Trust Deed. In responding to the subpoena, Trang stated "I am not in possession of any escrow instructions during the time period between January 1, 2014 to present for the transfer of the $200,000.00 subject of the deed of trust recorded April 27, 2015 for the property located at 411 S. Beechtree Court, Anaheim, CA 92808 between Trang Doan Nguyen and Helen Nguyen." (Exhibit F)

22. By the same subpoena, Plaintiff requested copies of the "$200,000 check or draft given by Trang Doan Nguyen to Helen Nguyen in exchange for the deed of trust recorded April 27, 2015 for the property located at 411 S. Beechtree Court, Anaheim, CA 92808 between Trang Doan Nguyen and Helen Nguyen." In responding to this request, Trang stated "I am not in possession of any front or back of the $200,000 check for draft given by Trang Doan Nguyen to Helen Nguyen during the time period between January 1, 2014 to present in exchange of the deed of trust recorded April 27, 2015 for the property located at 411 S. Beechtree Court, Anaheim, CA 92808 between Trang Doan Nguyen and Helen Nguyen." (Exhibit F)

23. Additionally, by the same subpoena, Plaintiff requested copies of the loan application given to Trang Doan Nguyen by Helen Nguyen for the $200,000 deed of trust recorded April 27, 2015 for the property located at 411 S. Beechtree Court, Anaheim, CA 92808." In responding to this request, Trang stated "I am not in possession of any loan application given to Trang Doan Nguyen during the time period between January 1, 2014 to present by Helen Nguyen for the $200,000 deed of trust recorded April 27, 2015 for the property located at 411 S. Beechtree Court, Anaheim, CA 92808." (Exhibit F)

24. Also, by the same subpoena, Plaintiff requested copies of the wiring instructions for the transfer of $200,000 from Trang Doan Nguyen to Helen Nguyen made on or around April 2015. In responding to this request, Trang Nguyen stated "I am not in possession of wiring instructions made during the time period between January 1, 2014 to present for the transfer of $200,000 from Trang Doan Nguyen to Helen Nguyen made on or around April 2015." (Exhibit F)

25. Based on these statements, it is apparent that no evidence exists to support Helen's claim that she owes Trang $83,778 or $200,000 as indicated on her Schedule D or in her financial statement made to VQN.

26. It is further apparent that the Debtor and Trang are unwilling or unable to substantiate the claim for the encumbrance with evidence of any exchange for value.

---

## COUNT I

(Materially Inaccurate and/or Misleading Representations of Fact against Helen)

27. Plaintiff hereby re-alleges and incorporates by this reference each and every allegation set forth above as though fully set forth herein.

28. As demonstrated herein, Helen's schedules are replete with inaccurate statements concerning her assets, her liabilities, and her ability to pay her creditors.

29. As demonstrated herein, Helen's petition misstates or omits assets and the value of these assets while simultaneously inflating her debts to deceive this Court and defraud her creditors.

30. In making these representations of fact, Helen failed to take adequate precautions to ensure the accuracy of the pleadings she filed with the Court.

31. By filing these erroneous pleadings, Helen has acted in bad faith in the conduct of litigation before the Court.

32. By filing these pleadings, Helen has abused the bankruptcy process and her conduct and practices are sanctionable under 11 U.S.C. § 105(a).

## COUNT II

(Failure to Ensure the Accuracy of Pleadings and Accounts against Helen)

33. Plaintiff hereby re-alleges and incorporates by this reference each and every allegation set forth above as though fully set forth herein.

34. Helen directed and caused the filing of numerous pleadings that contain inaccurate allegations concerning the existence and value of her assets and the extent of her liabilities.

35. By filing these pleadings, Helen has failed to provide sufficient information to permit her creditors, the Trustee, the United States Trustee, and this Court to determine the extent to which she is able to pay her debts.

36. Helen's conduct and practices in authorizing, directing, and causing the filing of these pleadings is indicative of a repeated failure to ensure the accuracy of her pleadings and accounts.

37. Helen filed these inaccurate pleadings in an attempt to conceal money or property from the bankruptcy estate and/or her creditors and to deceive the Court.

38. By her conduct and practices in failing to ensure the accuracy of her pleadings and accounts, Helen has acted in bad faith in the conduct of litigation before the Court such that the rules are not up to the task of adequately sanctioning.

39. Helen's conduct and practices in failing to ensure the accuracy of her pleadings and accounts is sanctionable under 11 U.S.C.§ 105(a).

## **COUNT III**

(Intentional Interference with the Administration of the Bankruptcy Estate against Helen)

40. Plaintiff hereby re-alleges and incorporates by this reference each and every allegation set forth above as though fully set forth herein.

41. By filing these pleadings, Helen has failed to provide sufficient information to permit her creditors, the Trustee, the United States Trustee, and this Court to determine the extent to which Helen is able to pay her debts.

42. Helen's conduct and practices in failing to ensure the accuracy of her pleadings and accounts have created unnecessary delay and expense in the administration of this bankruptcy case.

43. Helen's failure to disclose all relevant facts relating to her assets and liabilities has prejudiced all parties in interest and constitutes bad faith in the conduct of litigation before the Court such that the rules are not up to the task of adequately sanctioning.

44. Helen's failure to disclose all relevant facts relating to her assets has prejudiced parties in interest and constitutes an abuse of the bankruptcy process sanctionable under 11 U.S.C.§ 105(a).

## COUNT IV

(For Avoidance of Preferential Transfers-11 U.S.C. § 547 against Defendants)

45. Plaintiff hereby re-alleges and incorporates by this reference each and every allegation set forth above as though fully set forth herein

46. Plaintiff is informed and believes and on that basis alleges around April 14, 2015, Helen executed a Deed of Trust with Assignment of Rents in favor of Trang (hereinafter, the "Transfer"). Helen contends the Deed of Trust memorializes a series of loans Helen asserts were consummated in the time period from 2010 to 2013. According to the Deed of Trust, the total amount loaned during these years totaled $200,000.00.

47. The Transfer was of property interests of Helen.

48. The Transfer was made to Trang at a time in which she was a creditor of Helen.

49. The Transfer was for an antecedent debt owed by Helen to Trang prior to the Transfer.

50. The Transfer occurred within one year of the filing of Helen's original bankruptcy petition.

51. Pursuant to 11 U.S. Code § 101(31)(A)(i), the Transfer was made to an insider.

52. The Transfer would enable Trang to receive more than she would otherwise receive as an unsecured creditor in this action had the Transfers not been made and Trang received payment of such debt to the extent provided by the provisions of the Bankruptcy Code.

53. As a direct and proximate result of the acts alleged herein, Plaintiff has suffered general, compensatory, and consequential damages inclusive of, but not limited to, any and all amounts incurred and to be incurred for the assessment, investigation, litigation, and collection of the misappropriated funds, as well as lost opportunity costs, all in an amounts not yet fully

Complaint to Determine Dischargeability of Debts, to Avoid A Preference, to Avoid Fraudulent Transfer, and to Object to Discharge

- 8 -

ascertained, but to be shown in accordance with proof at the time of trial. Plaintiffs seek the recovery of all such damages, including attorney's fees and costs, from Defendants.

54. Plaintiff is entitled to an order and judgment under 11 U.S.C. § 547(b) that the Transfer is avoided and recovered for the benefit of Helen's creditors.

55. Plaintiff is entitled to an order and judgment of costs and attorney's fees incurred in bringing this Adversary Complaint.

## COUNT V

(To Avoid Fraudulent Transfer-11 U.S.C. § 548 against Defendants)

56. Plaintiff hereby re-alleges and incorporates by this reference each and every allegation set forth above as though fully set forth herein.

57. As alleged above, Helen transferred an interest in the Property to Trang on or about April 14, 2015.

58. At the time of the Transfer, Helen was indebted to Plaintiff under the terms of the Judgment and the award of attorney's fees.

59. Helen made the Transfer to elevate Trang's debt from an unsecured debt to a secured debt and receive priority in the payment of said debt from the bankruptcy estate. As such, the Transfer was made with actual intent to hinder, delay, or defraud Plaintiff by placing Helen's assets outside the reach of Plaintiff.

60. Pursuant to 11 U.S. Code § 101(31)(A)(i), the Transfer was made to an insider.

61. On information and belief, in making the Transfer, Helen received nothing from Trang.

62. At the time of the Transfer, Helen was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with her was unreasonably small;

63. At the time of the Transfer, Helen believed she would incur debts that would be beyond her ability to pay as such debts matured.

Complaint to Determine Dischargeability of Debts, to Avoid A Preference, to Avoid Fraudulent Transfer, and to Object to Discharge

- 9 -

64. The Transfer was concealed from Plaintiff.

65. Following the Transfer, Helen filed her voluntary petition for bankruptcy claiming insolvency.

66. As a result of the Transfer, Plaintiff has been denied the use of its money.

67. As a direct and proximate result of the acts alleged herein, Plaintiff has suffered general, compensatory, and consequential damages inclusive of, but not limited to, any and all amounts incurred and to be incurred for the assessment, investigation, litigation, and collection of the misappropriated funds, as well as lost opportunity costs, all in an amounts not yet fully ascertained, but to be shown in accordance with proof at the time of trial. Plaintiffs seek the recovery of all such damages, including attorney's fees and costs, from Defendants.

68. Plaintiff is entitled to an order and judgment under 11 U.S.C. § 548 that the Transfer is avoided and recovered for the benefit of Helen's creditors.

69. Plaintiff is entitled to an order and judgment of costs and attorney's fees incurred in bringing this Adversary Complaint.

## COUNT VI

(Actual Fraudulent Conveyance California Civil Code § 3439.04 against Defendants)

70. Plaintiff hereby re-alleges and incorporates by this reference each and every allegation set forth above as though fully set forth herein.

71. As alleged above, Helen transferred an interest in the Property to Trang on or about April 14, 2015.

72. At the time of the Transfer, Helen was indebted to Plaintiff under the terms of the Judgment.

73. Helen made the Transfer to elevate Trang's debt from an unsecured debt to a secured debt and receive priority in the payment of said debt from the bankruptcy estate. As such, the Transfer was made with actual intent to hinder, delay, or defraud Plaintiff by placing Helen's assets outside the reach of Plaintiff.

74. Pursuant to 11 U.S. Code § 101(31)(A)(i), the Transfer was made to an insider.

75. On information and belief, in making the Transfer, Helen received nothing from Helen.

76. At the time of the Transfer, Helen was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with her was unreasonably small;

77. At the time of the Transfer, Helen believed she would incur debts that would be beyond her ability to pay as such debts matured.

78. The Transfer was concealed from Plaintiff.

79. Following the Transfer, Helen filed her voluntary petition for bankruptcy claiming insolvency.

80. As a result of the Transfer, Plaintiff has been denied the use of its money.

81. As a direct and proximate result of the acts alleged herein, Plaintiff has suffered general, compensatory, and consequential damages inclusive of, but not limited to, any and all amounts incurred and to be incurred for the assessment, investigation, litigation, and collection of the misappropriated funds, as well as lost opportunity costs, all in an amounts not yet fully ascertained, but to be shown in accordance with proof at the time of trial. Plaintiffs seek the recovery of all such damages, including attorney's fees and costs, from Helens.

82. Plaintiff is entitled to an order and judgment that the Transfer is avoided and recovered for the benefit of Helen's creditors.

83. Plaintiff is entitled to an order and judgment of costs and attorney's fees incurred in bringing this Adversary Complaint.

## COUNT VII

(Constructive Fraudulent Conveyance - California Civil Code § 3439.04 against Defendant)

84. Plaintiff hereby re-alleges and incorporates by this reference each and every allegation set forth above as though fully set forth herein.

85. At the time of the Transfer, Helen owed the Judgment amount to Plaintiff.

86. Helen received nothing from Trang in exchange for the Transfer.

87. Following the Transfer, Helen filed her voluntary petition for bankruptcy claiming insolvency.

88. As a direct and proximate result of the acts alleged herein, Plaintiff has suffered general, compensatory, and consequential damages inclusive of, but not limited to, any and all amounts incurred and to be incurred for the assessment, investigation, litigation, and collection of the misappropriated funds, as well as lost opportunity costs, all in an amounts not yet fully ascertained, but to be shown in accordance with proof at the time of trial. Plaintiff seeks the recovery of all such damages from Helens.

89. Plaintiff is entitled to an order and judgment that the Transfer is avoided and recovered for the benefit of Helen's creditors.

90. Plaintiff is entitled to an order and judgment of costs and attorney's fees incurred in bringing this Adversary Complaint.

## COUNT VIII

(For a Determination that this Action should be Dismissed Pursuant to 11 U.S.C. §707)

91. Plaintiff incorporates by reference the allegations contained above as though set forth fully herein.

92. As alleged herein, Helen has deliberately understated the value of her assets.

93. Similarly, Helen has inflated her liabilities.

94. As a result of the intentional misrepresentations of fact, this Court, the Chapter 7 Trustee, the United States Trustee, and Helen's creditors are not capable of ascertaining the true financial status of Helen and her ability to pay her debts.

95. Accordingly, Plaintiff is entitled to an order and judgment dismissing this action under 11 U.S.C. § 707(b) (3) as it is apparent the petition has been filed in bad faith and the totality of the circumstances demonstrates abuse.

Complaint to Determine Dischargeability of Debts, to Avoid A Preference, to Avoid Fraudulent Transfer, and to Object to Discharge

- 12 -

## COUNT IX

(For a Determination that Defendant's Debts are not Dischargeable Pursuant to 11 U.S.C. §727)

96. Plaintiff incorporates by reference the allegations contained above as though set forth fully herein.

97. On November 18, 2015, Helen filed a Voluntary Chapter 7 Petition for Bankruptcy with this Court. In so doing, she swore under penalty of perjury that the information which she provided in the petition was true and correct. As demonstrated above, Schedule D contains inconsistencies of fact concerning the Trust Deed.

98. Helen's attempt to include this alleged debt in Schedule D is a misrepresentation of a material matter constituting a false oath or account in connection with the case.

99. By including this alleged debt in Schedule D, Helen attempted to inflate the amount of debt she currently owes with the intent to mislead creditors, the Trustee, and the Court as to the debtor's true financial condition or with reckless disregard for the truth with regard to a matter material to the case.

100. As alleged herein, Helen transferred her property interests to Trang with intent to hinder, delay, or defraud Plaintiff within one year before the date of the filing of the petition. (11 U.S.C. §727(a)(2).)

101. As alleged herein, Helen has concealed or has permitted to be transferred, removed, destroyed, mutilated, or concealed her fee simple ownership of the Premises with intent to hinder, delay, or defraud Plaintiff within one year before the date of the filing of the petition. (11 U.S.C. §727(a)(2).)

102. As alleged herein, Helen has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained and has failed to provide any justification for her failure to do so. (11 U.S.C. §727(a)(3).)

103. As alleged herein, Helen has: (A) made a false oath or account; or (B) presented or used a false claim; or (C) gave, offered, received, or attempted to obtain money, property, or advantage, or a promise of money, property, or advantage, for acting or forbearing to act. (11 U.S.C. §727(a)(4).)

104. As alleged herein, Helen has failed to explain satisfactorily any loss of assets or deficiency of assets to meet her liabilities. (11 U.S.C. §727(a)(5).)

105. In light of the pervasiveness of Helen's failure to abide by the terms of 11 U.S.C. §727 as alleged herein, Plaintiff objects to the granting of any discharge under 11 U.S.C. §727(a). (11 U.S.C. §727(c).

106. In light of the pervasiveness of Helen's failure to abide by the terms of 11 U.S.C. §727 as alleged herein, Plaintiff seeks an order from this Court instructing the trustee to examine the acts and conduct of Helen to determine whether grounds exist for denial of discharge. (11 U.S.C. §727(c).

107. In light of the pervasiveness of Helen's failure to abide by the terms of 11 U.S.C. §727 as alleged herein, Plaintiff seeks an order from this Court revoking any discharge Helen may have already been granted. (11 U.S.C. §727(d) and/or (e).)

## COUNT X

(For Recovery of Property - 11 U.S.C. § 550 against Defendants)

108. Plaintiff hereby re-alleges and incorporates by this reference each and every allegation set forth above as though fully set forth herein.

109. Plaintiff is informed and believes and on that basis alleges that Trang is the initial transferee of the Transfer, or the entity for whose benefit the Transfer was made, or is the immediate or mediate transferee of the initial transferee receiving the Transfer.

110. Pursuant to 11 U.S.C. § 550(a), Plaintiff is entitled to recover the Transfer, together with interest thereon, as set forth above.

Complaint to Determine Dischargeability of Debts, to Avoid A Preference, to Avoid Fraudulent Transfer, and to Object to Discharge

- 14 -

## COUNT XI

(For Disallowance of Claim - 11 U.S.C. § 502(d) against Defendants)

111. Plaintiff hereby re-alleges and incorporates by this reference each and every allegation set forth above as though fully set forth herein.

112. Either (1) Trang is an entity from which property is recoverable under 11 U.S.C. §§ 542, 543, 550 or 553, or (2) Trang received an avoidable transfer under 11 U.S.C. §§ 522(f), 522(h), 544, 545, 547, 548, 549, or 724(a).

113. Helen has not paid the amount, or turned over any such property for which Helen is liable under 11 U.S.C. §§ 522(i), 542, 543, 550, or 553 of the Bankruptcy Code.

114. Pursuant to 11 U.S.C. § 502(d), Helen's claims, to the extent that Helen asserts a claim or claims, should be disallowed.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for the entry of judgment against Defendants as follows.

**With respect to Counts I, II, III, and IX**, Plaintiff requests this Court, on each and every count, issue an order pursuant to 11 U.S.C. § 105(a) and the Court's inherent equitable powers:

1. Requiring the Debtor provide accurate schedules of her debts and assets;

2. Requiring the Debtor provide an accurate appraisal of her real and personal property assets.

3. Enjoining and restraining Helen Nguyen from engaging in bad faith and abusive practices in connection with the preparation, verification, filing, and prosecution of pleadings in bankruptcy cases;

4. Imposing appropriate monetary sanctions against Helen Nguyen;

**With respect to Counts IV, V, VI, VII, X and XI**, Plaintiff requests this Court, on each and every count, issue an order:

Complaint to Determine Dischargeability of Debts, to Avoid A Preference, to Avoid Fraudulent Transfer, and to Object to Discharge

- 15 -

1. Avoiding the Transfer;

2. Reclassifying any debt Trang can prove Helen Nguyen owes her as a nonpriority unsecured claim;

3. For recovery by Plaintiff from Defendants the amount of the Transfer sufficient to satisfy the judgment and the award of attorney's fees indicated on Helen Nguyen's schedules;

**With respect to Count VIII**, Plaintiff requests this Court issue an order dismissing this action as the petition has been filed in bad faith and the totality of the circumstances demonstrates abuse.

**With respect to Count IX**, Plaintiff requests this Court, on each and every count, issue an order:

1. Adjudging the debts of Helen Nguyen to be ruled nondischargeable as a result of her transferring her property interests to Trang with intent to hinder, delay, or defraud her Creditors under the provisions of 11 U.S.C. §727(a)(2).

2. Adjudging the debts of Helen Nguyen to be ruled nondischargeable as a result of her concealing or permitting to be transferred, removed, destroyed, mutilated, or concealed her fee simple ownership of the Premises with intent to hinder, delay, or defraud her Creditors under the provisions of 11 U.S.C. §727(a)(2).

3. Adjudging the debts of Helen Nguyen to be ruled nondischargeable as a result of her concealing, destroying, mutilating, falsifying, or failing to keep or preserve any recorded information, including books, documents, records, and papers, from which her financial condition or business transactions might be ascertained and for failing to provide any justification for her failure to do so. (11 U.S.C. §727(a)(3).)

4. Adjudging the debts of Helen Nguyen to be ruled nondischargeable as a result of her knowingly and fraudulently making a false oath in connection with a bankruptcy case by virtue of the provisions of 11 U.S.C. § 727(a)(4)(A);

5. Adjudging the debts of Helen Nguyen to be ruled nondischargeable as a result of

her failure has failed to satisfactorily explain any loss of assets or deficiency of assets to meet her liabilities within the provisions of 11 U.S.C. §727(a)(5).

      6.      Revoking any discharge Helen may have already been granted.

**With respect to Counts I, II, III, IV, V, VI, VII, VII, IX, X, and XI**:

      1.      Granting judgment in favor of Plaintiff and against Helen Nguyen in the amount of $123,267.00;

      2.      For punitive damages according to proof;

      3.      For recovery of interest, costs, and expenses to the extent recoverable under applicable law and the evidence submitted to the Bankruptcy Court;

      4.      For an award of attorney's fees as allowable by law in an amount the Court determines to be reasonable;

      5.      For costs of suit herein incurred; and

      6.      For such other and further relief as this Court deems just and proper;

DURINGER LAW GROUP, PLC
s/ Stephen C. Duringer, Esq.
Attorneys for Plaintiff VQN PLAZA, LLC.
181 S. Old Springs Road, 2nd Floor
P.O. Box 28270
Anaheim Hills, CA 92809
Tele: (714) 279-1100
Fax: (714) 279-1109
sduringer@duringerlaw.com

B1040 (FORM 1040) (12/15)

| **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER**<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>VQN PLAZA, LLC, | **DEFENDANTS**<br>HELEN NGUYEN; TRANG DOAN NGUYEN |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>DURINGER LAW GROUP, PLC<br>P.O. Box 28270 Anaheim Hills, CA 92809 | **ATTORNEYS** (If Known)<br>Marvin Maurice Oliver<br>13522 Newport Ave Ste 201 Tustin, CA 92780 |
| **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>X Creditor    ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>X Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    X Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Dischargeability of Debts, to Avoid A Preference, to Avoid Fraudulent Transfer,

and to Object to Discharge

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
[1] 12-Recovery of money/property - §547 preference
[2] 13-Recovery of money/property - §548 fraudulent transfer
[3] 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
[5] 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
[4] 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $  123,267.00 |

Other Relief Sought

**B1040 (FORM 1040) (12/15)**

| **BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES** |||
|---|---|---|
| NAME OF DEBTOR<br>HELEN NGUYEN | BANKRUPTCY CASE NO.<br>8:15-bk-15557-ES ||
| DISTRICT IN WHICH CASE IS PENDING<br>CACB | DIVISION OFFICE<br>SANTA ANA | NAME OF JUDGE<br>ERITHE SMITH |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** |||
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>/S/ STEPHEN C. DURINGER, ESQ. |||
| DATE<br>APRIL 28, 2016 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>STEPHEN C. DURINGER, ESQ. ||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.